WILLIAM HAGUE

*v.*

FRANK PORTER.

1. EJECTMENT — *plaintiff must recover on the strength of his own title.* In ejectment the plaintiff must recover on the strength of his own title; the defendant can rely on his possession in entire safety, and unless the plaintiff shows a good title, the defendant cannot be disturbed in his possession, no matter whether he has title, or is a mere intruder and trespasser.

2. CLERKS OF COUNTY COURTS — *successors of the clerks of the county commissioners' courts.* The clerks of the County Courts are the proper successors of the clerks of the county commissioners' courts, and as such are vested with the powers and duties conferred or imposed by former laws upon those clerks.

3. SAME — *power to appoint deputies.* A clerk of a County Court is authorized to appoint deputies.

4. SAME — *certificates of magistracy.* A clerk of a County Court can properly certify to the official character of a magistrate.

5. SAME — *presumptions.* A certificate of magistracy signed "Joseph Sears, clerk, by Geo. L. Richardson, deputy," was *held* valid. The court will presume that a party was deputy from the fact of signing.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of ejectment, brought by Porter against Hague, to recover the possession of lot No. 73, in the S. E. ¼ of B. 33 in the canal trustees' subdivision of section 7, T. 39, N. R. 14, E. of the 3d P. M., in Cook county. A jury being waived, the case was tried by the court. The court found the defendant guilty, and that the plaintiff is the owner of the premises in fee. Motion for new trial being overruled, the usual judgment was rendered. The defendant brought the case to this court by appeal.

The opinion states the case.

Mr. THOMAS SHIRLEY, for the appellant.

Messrs. RUNYAN & AVERY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, brought in the Superior Court of Chicago, by Frank Porter, against William Hague, to recover the possession of lot 73, in the south-east quarter of block 33, in the canal trustees' subdivision of section 7, in township 39 north, range 14 east, and the issue was tried by the court by consent. A verdict was found for the plaintiff, and a motion for a new trial having been overruled judgment was rendered on the verdict, to reverse which the defendant brings the record here by appeal, and makes several points, none of which are considered of force.

He correctly states the rule, that, in ejectment, the plaintiff must recover on the strength of his own title; the defendant can rely on his possession in entire safety, and unless the plaintiff shows a good title the defendant cannot be disturbed in such possession, no matter whether he has title or is a mere intruder and trespasser.

We have looked into the evidences of title exhibited by the plaintiff and can perceive no defect. He showed a connected title from the State, through the canal trustees, down to himself, for the premises.

The only objection worthy of consideration, is the certificate of magistracy attached to Alden's deed to Ira Porter. It purported to have been executed and acknowledged before a justice of the peace in Ogle county, and the certificate of magistracy, in the form required by law, and by the proper officer, but signed, " Joseph Sears, clerk, by Geo. L. Richardson, deputy."

It is objected, that a clerk of the County Court has no power to make such a certificate, and certainly not by a self-styled deputy.

We are referred by appellee to no law conferring this power expressly, but he contends, that, as most of the papers coming from the offices of recorders and courts were signed by deputy, and of which this court will take judicial notice, will not therefore question their authority to do so, and the addition

to the certificate that it was done by deputy, will be treated as surplusage. This hardly reaches the point made by appellant — his point is, that the clerk of the county himself has no power to make such a certificate, and if he has not it follows, of course, his deputy has no power. But has not the clerk of the County Court the power?

By section 6, of chapter 47, the clerk of the Supreme Court, the several clerks of the Circuit and county commissioners' courts, may appoint deputies.

By the present Constitution, which became the supreme law of the State from and after the first day of April, 1848, a County Court was provided for, to be composed of one county judge, and two justices of the peace. On the 12th of February, 1849, the legislature, to give effect to this provision, passed an act of that date, entitled an act establishing county courts, etc., which was in force April 13, 1849. This act provided for the election of clerks of that court, and the court, when established, superseded the county commissioners' court, for by section 15 they had exercised and possessed all the power, jurisdiction and authority of the county commissioners' court.

The clerks of the County Courts are, as held by this court in *The People* v. *Thurber*, 13 Ill. 566, the proper successors of the clerks of the county commissioners' courts, and as such are vested with the powers and duties conferred or imposed by former laws upon those clerks.

By the act of February 22, 1847, it is provided, when a justice of the peace takes an acknowledgment of a deed for lands lying out of his county, then the certificate of the clerk of the county commissioners' court of the proper county, under his seal of office, stating that the person taking the acknowledgment was a justice of the peace at the time of taking the same, shall be deemed sufficient evidence of that fact.

Now, as the clerk of the county commissioners' court could certify to the official character, as he could appoint a deputy, and as all his duties and powers have devolved upon the clerks of the County Court, it follows, this certificate of magistracy was by the proper officer, through a legally constituted deputy,

as we must presume he was the deputy from the fact of signing. The objection therefore is not valid.

But the appellant says, his crowning objection (from which we infer it is his chief objection) is, the admission in evidence of the record of the deed from the governor of the State to the canal trustees of the lands granted by the government of the United States to the State to aid in the construction of the Illinois and Michigan canal, on the ground of a want of connection between the description in that deed, and lot 73 of block 33, section 7, town 39, range 14 of canal trustees' addition to Chicago.

The deed alone furnishes no such connection, but that was only the first muniment of title, or first link in the chain of title, the plaintiff was required to make out.   A map of lands was conveyed, out of which were carved small portions, one of which was, the premises in controversy, traceable down from the governor's deed to the trustees — then a subdivision of section 7, by them, into sixty-four out-lots or blocks, of which block 33 must be one of the sixty-four, on every principle of correct numeration — then a conveyance of block 33 to Rorke by the trustees — then a subdivision by Rorke and other proprietors of the east half of the south-west quarter of block 33 into seventy-eight lots with streets and alleys, which must include lot 73, the premises in controversy, on the same principle of numeration — then a conveyance from Rorke and wife to Alden of the south-east quarter of block 33 — then a conveyance from Alden and wife to Ira Porter for the same property, concluding with a conveyance from Ira Porter to the plaintiff in ejectment of lots 73 and 74, and others of block 33, in section 7, town 39, range 14 of canal trustees' addition to Chicago: all these make a title in the plaintiff, although there is a saving clause against incumbrances.   None being shown, none will be presumed.

We see no defect in the appellee's title, and therefore affirm the judgment.

*Judgment affirmed.*